UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

MICHAEL DANFORTH,

    Plaintiff,

vs.

PRISON HEALTH SERVICES, et al.,

    Defendants.
_____/

Case No. 12-cv-10159
HON. BERNARD A. FRIEDMAN
MAG. JUDGE DAVID R. GRAND

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.**    **Introduction**

*Pro se* plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), commenced this action against defendants for violating his Eighth Amendment right to be free from "cruel and unusual punishment." Plaintiff specifically alleges that he underwent surgery for the removal of cancerous cells from his face in December of 2009 and that the cancer has since returned. Plaintiff sought specialty care from a dermatologist, but medical personnel employed by defendant Prison Health Services ("PHS") denied the request. Plaintiff maintains that Dr. Jeffrey Stieve, the MDOC's Chief Medical Officer and head of its Bureau of Health Care Services ("BHCS"), improperly affirmed the initial determination of the PHS employees during a Step III grievance appeal and that he neglected "to carry out his oversight responsibilities by making adequate care available." Compl. at ¶ 9, 25.

Before the Court are plaintiff's objections to Magistrate Judge Grand's January 29, 2013 Report and Recommendation ("R&R") [docket entries 43 and 46]. The R&R granted defendants BHCS[1] and

---

[1] Since plaintiff admits that defendant BCHS is not an appropriate party to this action, see Pltf. Resp. Br. at 2, the Court will summarily dismiss so much of the complaint as asserted that BCHS violated plaintiff's constitutional rights.

-1-

Stieve's motion to dismiss the complaint, or in the alternative, for summary judgment [docket entry 15]. Defendants have not filed a response to plaintiff's objections. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the Magistrate Judge's recitation of the underlying facts is accurate, the Court will adopt the Magistrate Judge's summary of the factual record as it appears on pages 2 through 3 of the R&R.

To the extent the Court can discern the nature of plaintiff's objections, he appears to argue that the Magistrate's R&R imposed a heightened pleading standard beyond that typically required of *pro se* litigants. He also asserts that section 1983 imposes liability "upon anyone who 'causes' any citizen to be subjected to a constitutional deprivation," not merely those officials who are personally involved in the alleged constitutional deprivation.

## II. Analysis

Pursuant to its *de novo* standard of review, the Court finds that the Magistrate Judge's conclusions are correct. As a preliminary matter, the Magistrate Judge properly evaluated the complaint's factual sufficiency in accordance with the plausibility standard annunciated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). See Baker v. Salvation Army, No. 09–11424, 2011 U.S. Dist. LEXIS 34441, at *7 (E.D.Mich. March 30, 2011) (stating that although *pro se* complaints are held to a lesser standard than those drafted by trained counsel, they must still "plead sufficient facts to show a redressable legal wrong has been committed."). Furthermore, the Magistrate correctly noted that plaintiff must "allege personal involvement by [the defendant] in the alleged denial of his rights." Griffin v. Montgomery, 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000); see Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

With respect to the merits, plaintiff failed to demonstrate that Dr. Stieve was personally involved in the deprivation of his rights pursuant to the Eighth Amendment because his denial of plaintiff's Step III grievance appeal did not amount to "a constitutional violation." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see Lee v. Michigan Parole Bd., 104 F. App'x 490, 493 (6th Cir. 2004) ("liability may

Danforth v. Prison Health Services (12-10159)

not be imposed simply because a defendant denied an administrative grievance"). In any event, plaintiff did not exhaust his administrative remedies as he neglected to identify Dr. Stieve in his Step I grievance papers in conformance with MDOC policy. See MDOC Policy Directive 03.02.130 ¶ R; see also Peterson v. Cooper, 463 F. App'x 528, 530 (6th Cir. 2012).

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is affirmed.

IT IS FURTHER ORDERED that plaintiff's objections are denied.

IT IS FURTHER ORDERED that defendants BHCS and Stieve's motion to dismiss the complaint, or in the alternative, for summary judgment is granted.

Dated: March 15, 2013　　　　　　　　　s/ Bernard A. Friedman_____
　　　　　Detroit, Michigan　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE