UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. DANFORTH, #256170,

        Plaintiff,        Case No. 12-10159
                              Honorable Bernard A. Friedman
                              Magistrate Judge David R. Grand

v.

PRISON HEALTH SERVICES, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY WITHOUT
PREJUDICE THE PHS DEFENDANTS' MOTION TO DISMISS [26]**

Before the court is a Motion to Dismiss filed by Defendants Prison Health Services, Inc. (now Corizon Health, Inc.), Rickey Coleman, M.D., and Nancy McGuire, M.D. (collectively the "PHS Defendants") on October 26, 2012.[1] (Doc. #26). Plaintiff Michael Danforth ("Danforth") filed a response to this motion on December 11, 2012. (Doc. #40). No reply was filed.

An Order of Reference was entered on March 2, 2012, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #7).

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the PHS Defendants' Motion to Dismiss [26] be **DENIED WITHOUT PREJUDICE**.

**II.    REPORT**

As fully discussed in this court's Order on Plaintiff's Motion to Amend Complaint (Doc.

---

[1] Two other former PHS employees have been named as defendants in this case: Sandra Manssur and Kelly Schuitman. However, service has only recently been made on Defendant Manssur and has just been re-attempted on Defendant Schuitman; consequently, neither of these defendants has appeared in this action nor joined in the motion to dismiss.

#54), after the PHS Defendants filed their motion to dismiss, Danforth timely sought to amend his complaint as a matter of course pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(B). For the reasons set forth more fully in that Order, Danforth's motion to amend was denied as moot, but his proposed amended complaint was deemed filed as of the date of that Order. (*Id.*).

As a result, Danforth's original complaint – which the PHS Defendants seek to dismiss with the underlying motion to dismiss – is no longer the operative complaint in this case. Because the PHS Defendants' motion to dismiss addresses the *original* complaint, and not the *amended* complaint, it must be denied without prejudice.[2] *See Desouza v. Taylor*, 2012 WL 1900608, at *1 (E.D. Mich. May 24, 2012). Any motion to dismiss must be based on the amended complaint, and Danforth should have the opportunity to fully brief his opposition to such a motion before the court issues its ruling on those matters.

### III.   CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the PHS Defendants' Motion to Dismiss [26] be **DENIED WITHOUT PREJUDICE**.

Dated: March 22, 2013                           s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge

---

[2] Although the PHS Defendants did assert, in their Response to Plaintiff's Motion to Amend the Complaint (Doc. #37), that Danforth's amended complaint fails to state a claim, they did so in the context of arguing that the proposed amendment should be denied as futile. Such an argument, however, is more properly advanced in the context of a motion to dismiss brought pursuant to FRCP 12(b)(6); otherwise, Danforth is required to respond to this argument in the mere five pages permitted for a reply brief. (*See* Doc. #54 at 10).

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2013.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager
