UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. DANFORTH, #256170,

        Plaintiff,        Civil Action No. 12-10159
                                        Honorable Bernard A. Friedman
                                        Magistrate Judge David R. Grand

v.

PRISON HEALTH SERVICES, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR VOLUNTARY DISMISSAL [66] AND TO DENY
AS MOOT THE PHS DEFENDANTS' MOTION TO DISMISS [60]**

**I.    REPORT**

    **A.    Background**

Plaintiff Michael Danforth ("Danforth") is a State of Michigan prisoner who, at the time he filed this action, was confined at the Thumb Correctional Facility in Lapeer, Michigan. (Doc. #1 at ¶3). Danforth, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983 against Prison Health Services, Inc. ("PHS"), now Corizon Health, Inc., and four of its employees or former employees, Sandra Manssur, Kelly Schuitman, Nancy McGuire, and Rick Coleman (collectively the "PHS Defendants").[1]

On October 26, 2012, the PHS Defendants filed a Motion to Dismiss Danforth's complaint. (Doc. #26). Thereafter, Danforth filed a "Motion to Amend Complaint as a Matter of

---

[1] Danforth also named as defendants the Bureau of Health Care Services ("BHCS") and Dr. Jeffrey Stieve. On January 29, 2013, this Court issued a Report and Recommendation ("R&R"), recommending that the motion to dismiss filed by Defendants BHCS and Dr. Stieve be granted. (Doc. #43). On March 15, 2013, the District Court adopted this R&R. (Doc. #53). Consequently, the BHCS and Dr. Stieve are no longer parties to this action.

Course" (Doc. #35), seeking this Court's permission to amend his complaint, primarily to add additional allegations as to PHS. On March 22, 2013, this Court entered an order deeming Danforth's proposed amended complaint filed as of that date. (Doc. #54). On the same date, this Court issued a report and recommendation to deny without prejudice the PHS Defendants' motion to dismiss. (Doc. #55).

Subsequently, on April 5, 2013, the PHS Defendants filed the Motion to Dismiss that is now before the Court, arguing that Danforth's amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. (Doc. #60). According to E.D. Mich. L.R. 7.1(e)(1), Danforth's response to the PHS Defendants' motion was due on or before April 29, 2013. When Danforth did not file a timely response to this motion, this Court issued an order, *sua sponte*, permitting Danforth an extension of time until May 21, 2013, to do so. (Doc. #65). Rather than file a response to Defendants' dispositive motion, however, Danforth filed a pleading entitled "Motion for Voluntary Dismissal of Civil Rights Action Without Prejudice." (Doc. #66). The PHS Defendants did not file a response to Plaintiff's motion, and the time for responding has expired.

An Order of Reference was entered on March 2, 2012, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #7). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

    **B.**    **Analysis**

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Fed. R. Civ. P. 41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action, without prejudice, without a court

order: (1) by filing an appropriate notice, if the adverse party has not filed an answer or a motion for summary judgment; or (2) by stipulation of the parties. In this case, the first condition is satisfied because although the PHS Defendants have filed two separate motions to dismiss (one of which was denied without prejudice), they have not yet filed either an answer to Plaintiff's complaint or a motion for summary judgment. *See e.g.*, *Siler v. Baldwin*, 2009 WL 3241969, at *1 (E.D. Mich. Oct. 8, 2009) ("Rather than file an answer or motion for summary judgment, the defendants at issue in the present motions chose to file motions to dismiss. Therefore Plaintiff is entitled to dismiss, without prejudice …."); *see also Seals v. Scutt*, 2011 WL 1793331, at *1 (E.D. Mich. Apr. 20, 2011) ("a Rule 12(b)(6) motion to dismiss does not qualify as a motion for summary judgment for purpose of voluntary dismissal under Rule 41(a)(1)(A)(i)"). Thus, because Plaintiff could simply have filed a notice of dismissal indicating his intent to voluntarily dismiss without prejudice his claims against the PHS Defendants, the Court sees no reason to deny Plaintiff's "motion" to effectuate such a dismissal.

Moreover, even if the PHS Defendants had answered Plaintiff's complaint or moved for summary judgment, Fed. R. Civ. P. 41(a)(2) provides that an action may be dismissed at the plaintiff's request "by court order, on terms that the court considers proper." Whether to permit a plaintiff to voluntarily dismiss his case is a matter committed to the court's discretion. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). In this case, the PHS Defendants have not opposed Plaintiff's motion for voluntary dismissal, and the time to do so has expired. *See* E.D. Mich. L.R. 7.1(e). Because the PHS Defendants have not contended that they would suffer any significant prejudice as a result of a voluntary dismissal, the Court will not presume the existence of prejudice. *See Hicks v. Welton*, 2010 WL 2507775, at *1 (W.D. Mich. June 17, 2010). This fact too, then, weighs in favor of granting Plaintiff's motion

to voluntarily dismiss his claims against the PHS Defendants.

Finally, given that Plaintiff asserts that he seeks to voluntarily dismiss his claims against the PHS Defendants – at least in part – because of "indifference by the Court [] due to the prisoner status in the suit," (Doc. #66 at ¶2), the Court feels compelled to explain that it has, at all times, carefully and thoughtfully considered the motions made and the arguments advanced by Plaintiff in this case. Indeed, the Court denied the PHS Defendants' original motion to dismiss (Doc. #26), permitting Plaintiff to amend his complaint to correct deficiencies identified by the PHS Defendants in their motion. (Doc. #55). Then, when Plaintiff ignored the PHS Defendants' second motion to dismiss (Doc. #60), the Court did not proceed to grant Defendants' unopposed motion but, rather, issued an order permitting Plaintiff additional time to respond to the dispositive motion. At all times, Plaintiff has been treated fairly and impartially by this Court, and any suggestion to the contrary is misplaced. Regardless, however, Plaintiff has expressed a desire to voluntarily dismiss his claims against the PHS Defendants – which he is permitted to do at this stage of the litigation – and that request should be granted.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion for Voluntary Dismissal of Civil Rights Action without Prejudice (Doc. #66) be **GRANTED** and Plaintiff's Amended Complaint be dismissed without prejudice as to the PHS Defendants. **IT IS FURTHER RECOMMENDED** that the PHS Defendants' Motion to Dismiss (Doc. #60) be **DENIED AS MOOT**.

Dated: June 20, 2013　　　　　　　　　　　　s/David R. Grand  
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND  
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2013.

                s/Felicia M. Moses
                FELICIA M. MOSES
                Case Manager